**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

WILLIE WASHINGTON,
ADC #133081                                                                                    PLAINTIFF

V.                                        4:11CV00008 JTR

KARL BYRD, Sheriff,
Faulkner County Detention Center, et al.                                      DEFENDANTS

**ORDER**

There are two nondispositive matters pending, which the Court will address separately.

**I. Defendants' Motion for Summary Judgment**

Plaintiff alleges that, while he was a pretrial detainee at the Faulkner County Detention Facility, Defendants punished him without affording him procedural due process. *See* docket entries #2 and #5.

On August 29, 2011, Defendants filed a Motion for Summary Judgment in which they concede that pretrial detainees are entitled to procedural due process prior to being punished while (in most cases) convicted prisoners are not. *See* docket entry #32. They go on to argue that Plaintiff was a convicted prisoner, and not a pretrial detainee, because at the time of the alleged constitutional violations he was in custody

-1-

on pending parole violation charges.[1] *Id.* However, Defendants have not cited *any legal authority* to support that proposition, which appears to be a novel issue in the Eighth Circuit. Similarly, Defendants have not provided any specific legal authority to support their contention that they are entitled to qualified immunity. *See Serna v. Goodno,* 567 F.3d 944, 952 (8th Cir. 2009) (explaining that qualified immunity is a "fact-intensive inquiry that must be undertaken in light of the specific context of the case, [and] not as a broad general proposition"); *Davis v. Hall*, 375 F.3d 703, 712 (8th Cir. 2004) (same).

Thus, the Court will give Defendants until and including November 21, 2011, to file a Supplemental Brief that provides legal authority to support their arguments. Thereafter, Plaintiff will have until and including December 20, 2011, to file a Supplemental Response to Defendants' Motion for Summary Judgment.

## II. Plaintiff's Motion to Compel

On October 3, 2011, Plaintiff filed a Motion asking the Court to compel Defendants to respond to Interrogatories he sent them sometime in June or July of 2011. *See* docket entry #40. Defendants have filed a Response stating that they served Plaintiff with their Responses to his Interrogatories on October 12, 2011. *See* docket

---

[1] Plaintiff's parole was revoked after the alleged constitutional violations occurred. *Id.*

entry #41. Accordingly, Plaintiff's Motion to Compel is denied as moot.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Defendants shall file, **on or before November 21, 2011,** a Supplemental Brief in Support of their Motion for Summary Judgment that contains the information specified in this Order.

2. Plaintiff's Motion to Compel (docket entry #40) is DENIED, AS MOOT.

3. Plaintiff may file, **on or before December 20, 2011**, a Supplemental Response to Defendants' Motion for Summary Judgment.

Dated this 26th day of October, 2011.

/s/ J. Thomas Ray
UNITED STATES MAGISTRATE JUDGE